■ O'BRIEN BROTHERS SLATE CO. INC., Appellant, v. WILLIAM C. CHANT, Doing Business as CHANT ROOFING COMPANY, Respondent.— Appeal from a judgment entered on a directed verdict of a jury rendered after trial in Supreme Court, Washington County. Plaintiff is a building slate producer and sues defendant for a balance on account of slate sold and delivered. The issue between the parties is the credit which defendant is entitled to have for slate returned offsetting plaintiff's claim. When the record is examined it is not entirely clear how much should be credited to defendant for returned slate; the parties differ about it; and there seems to be a triable issue of fact. The slate is measured in "squares" or fractions of "squares". It is conceded 32.15 squares were delivered and not paid for. Defendant contends that at least that many were returned to plaintiff and should be credited. The defendant's computation depends substantially on a finding that 13.6 squares comprising the first load of slate were sent back as not meeting specifications. Plaintiff contends this lot was reshipped to defendant and actually incorporated in the roof defendant was erecting. If there is a triable issue on this, defendant would not be entitled to a direction for judgment, but plaintiff would be entitled to go to the jury. Plaintiff contends that the 13.6 squares are not to be considered as any part of the credited material, but that defendant is entitled to a credit of 25.69 squares sent to another purchaser and to a credit of 2.9 squares of slate returned to it, a total of 28.59 squares from the 32.15 squares not paid for, leaving a balance of 3.56 squares at $44 a square, or $150. In directing judgment for defendant the court used a quantity of 7.7 squares returned, instead of 2.90 which, if accurate, would entitle defendant to a direction for judgment. Defendant does not argue on appeal that 7.7 squares is accurate, but now on appeal concedes that 2.90 is the correct figure. We are of opinion an issue for the jury is presented. Judgment reversed on the law and facts and a new trial ordered, with costs to abide the event. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.